<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GREGORY I. EZEANI,<br><br>               Plaintiff,<br><br>     v.<br><br>WILLIAM ANDERSON,<br><br>               Defendant. | Case No. 2:21-cv-06759 (BRM) (LDW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Gregory I. Ezeani's ("Ezeani") appeal of the Honorable Leda D. Wettre, U.S.M.J.'s December 21, 2021 Order (the "Order"), directing Ezeani to appear for his deposition via Zoom and denying Ezeani's request for economic support for the Zoom deposition. (ECF No. 43.) Third-party Defendant CFG Health Systems, LLC ("CFGHS") opposed the appeal. (ECF No. 47.) Having reviewed the parties' submissions filed in connection with the appeal and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Ezeani's appeal is **DENIED,** and Judge Wettre's Order is **AFFIRMED**.

    **I.**      **BACKGROUND**

On March 9, 2021, Ezeani filed a Complaint against William Anderson ("Anderson"), warden of the Essex County Correctional Facility, for medical malpractice damages. (ECF No. 1 at 2, 4.) On July 21, 2021, Anderson answered the Complaint and filed a third-party complaint against CFGHS, seeking contribution and indemnification. (ECF No. 6 at 7.)

On December 15, 2021, CFGHS filed a letter informing the Court that Ezeani refused to appear for his Zoom deposition and requesting a pre-motion conference for a motion to compel Ezeani's deposition and to dismiss his claims should he fail to appear. (ECF No. 39.) On December 16, 2021, Ezeani objected to the proposed Zoom format of his deposition and requested CFGHS bear all costs associated with his deposition, including provision of a laptop and payment for internet and electricity charges. (ECF No. 40.) On December 21, 2021, Judge Wettre overruled Ezeani's objections to appearing for his deposition, ordered him to appear for his deposition via Zoom, and denied Ezeani's request for economic support for the Zoom deposition. (ECF No. 42.) On December 23, 2021, Ezeani appealed Judge Wettre's denial of his request for "economic resources." (ECF No. 43.) On January 4, 2022, CFGHS filed a letter informing the Court it understood Ezeani's appeal to be limited to the denial of his request for "economic resources," and CFGHS intended to proceed with his deposition. (ECF No. 45.)[1] On January 8, 2022, CFGHS filed an opposition to Ezeani's appeal. (ECF No. 47.)

On January 12, 2022, Ezeani appeared via telephone for his Zoom conference. (ECF No. 49 at 1.) Defendants claim due to Ezeani appearing via telephone, they could not review the exhibits. (*Id.*) Ezeani responds how he spends his money, including whether to spend money to appear for his Zoom *video* conference, is at his "own discretion." (ECF No. 56 at 15.)

---

[1] On December 30, 2021, Ezeani filed a request for "permission to conduct an oral examination of the defendants . . . by phone under oath by the appropriate court officer". (ECF No. 44.) In a January 4, 2022 letter, CFGHS responded Judge Wettre had already ordered depositions could proceed only by way of a properly noticed deposition, and any request by Ezeani seeking to have court personnel take the deposition to avoid the expense of retaining a court reporter should be denied. While this issue is not presently before the Court to resolve, the Court notes that the parties generally bear their own litigation expenses, including costs associated with depositions. *Rivera v. DiSabato*, 962 F. Supp. 38, 40 (D.N.J. 1997).

## II.     LEGAL STANDARD

With respect to a district judge's review of a magistrate judge's decision, Federal Rule of Civil Procedure 72(a) states: "The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* Similarly, this Court's Local Rules provide "[a]ny party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days" and the District Court "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." L.Civ.R. 72.1(c)(1)(A).

"A discovery order is generally considered to be non-dispositive." *Williams v. American Cyanamid*, 164 F.R.D. 615, 617 (D.N.J. 1996). A district judge may reverse a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge ] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function, " permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the

factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter v. Ridgewood Energy Corp.*, 32 F. Supp. 2d 162, 164 (D.N.J. 1998). "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006); *Callas v. Callas*, Civ. A. No. 147486, 2019 WL 449196, at *3 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. Am. Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

### III.   DECISION

The only issue on appeal is the denial of Ezeani's request for economic support for his attendance at a Zoom deposition. (ECF No. 43 at 1.) However, Judge Wettre appropriately found he "has not established that appearing for deposition via Zoom would impose an undue financial burden on him." (ECF No. 42 at 1.) Ezeani's mere disagreement with the Magistrate Judge's conclusion is not a ground for appealing her Order. *See P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (holding a mere "disagreement with the Court's

decision" will not suffice for reconsideration). Ezeani fails to allege, and the Court has not identified, any clearly erroneous findings or conclusions that are contrary to the law. Fed. R. Civ. P. 72(a); *see also* L.Civ.R. 72(c)(1)(A) (stating a district court judge "shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.").

The Court acknowledges Ezeani's *pro se* status. Nonetheless, in any event, a *pro se* plaintiff is solely responsible for prosecuting his case. *Briscoe v. Klaus*, 538 F.3d 252, 258–59 (3d Cir. 2008) (citations omitted). Therefore, the Court cannot force CFGHS to pay for Ezeni prosecuting his case.

### IV. CONCLUSION

For the reasons set forth above, Ezeani's appeal is **DENIED**, and Judge Leda D. Wettre's December 21, 2021 Order is **AFFIRMED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: April 1, 2022