**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY I. EZEANI,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM ANDERSON, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-06759 (BRM) (JRA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court are several motions and appeals filed by *pro se* Plaintiff Gregory I. Ezeani ("Plaintiff"). Plaintiff's motions challenge the Honorable Jose Almonte, U.S.M.J.'s ("Judge Almonte") jurisdiction to enter non-dispositive decisions[1]: (1) Motion for Permanent Non-Consent of the Magistrate Court Text Order for Status Conference (ECF No. 128); and (2) Motion for Permanent Refusal of Magistrate Judge Court Order (ECF No. 134).[2] Additionally, Plaintiff appeals[3]: (1) Judge Almonte's October 26, 2022 order terminating Plaintiff's summary judgment motion (ECF No. 135 (appealing ECF No. 133)); and (2) Judge Almonte's May 27, 2022 discovery

---

[1] Plaintiff's appeals are based on this premise, as well.

[2] To extent Plaintiff argues that Judge Almonte should recuse himself, that request is pending at ECF No. 72 and has been referred to Judge Almonte for adjudication. The Court will not address it in this opinion.

[3] These appeals were filed as motions. Based on the nature of the requests, the Court construes them as appeals of Judge Almonte's decisions. Specifically, Plaintiff's "Motion for Reopening of the Plaintiff's Summary Judgment Motion" (ECF No. 135) is a request to reverse Judge Almonte's decision to administratively terminate his motion (ECF No. 133). Likewise, Plaintiff's "Motion for Federal Civil Procedure Violation Correction and Request for Final Decision" (ECF No. 122) is a request to reverse Judge Almonte's denial of the motion to quash (ECF No. 103).

order denying non-party Angelina Okwuego's ("Okwuego") motion to quash (ECF No. 122 (appealing ECF No. 103)). Defendants filed oppositions. (ECF Nos. 123, 136, 137.) Having reviewed the parties' submissions filed in connection with the Motions and Appeals, and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motions and Appeals are **DENIED** and Judge Almonte's orders are **AFFIRMED**.

**I.    BACKGROUND** [4]

On May 3, 2022, following numerous motions filed by the parties, Judge Almonte filed a text order prohibiting them from filing any additional motions without requesting leave of court. (ECF No. 91.) On May 23, 2022, non-party Okwuego filed a "motion for cancellation of [her] oral deposition of June 1, 2022." (ECF No. 96 (construed as a motion to quash defendant's subpoena directed to Okwuego).) On May 27, 2022, Judge Almonte denied Okwuego's motion. (ECF No. 103.) On May 28, 2022, Okwuego filed an appeal of the denial order to the Third Circuit. (ECF No. 105.)

On September 8, 2022, the Third Circuit dismissed the appeal for lack of appellate jurisdiction, noting that, absent consent of the parties pursuant to 28 U.S.C. § 636(c) or review of the decision by the district judge, the May 27, 2022 order was not a final decision within the meaning of 28 U.S.C. § 1291. (ECF No. 121.) Contrary to Plaintiff's belief, the court did not state Judge Almonte lacked authority to enter decisions on non-dispositive motions; rather, the court

---

[4] The Court assumes the parties' familiarity with the factual and procedural background of this matter given the long history of the case and the numerosity of the motions filed by Plaintiff. Therefore, the Court only includes the factual and procedural history necessary to decide these motions and appeals. Additional motions have been referred to Judge Almonte for disposition (including but not limited to ECF Nos. 72, 76, 109, 110, 112, 118, 119) and are not the subject of this opinion.

stated that the Third Circuit's "jurisdiction is limited to the review of final decisions of the district courts," and the Third Circuit lacked jurisdiction because a magistrate judge's order does not constitute a "final decision." (*Id.*) Plaintiff was advised that the appropriate procedure to appeal a magistrate judge's order is to file the appeal with the district court first. (*Id.*) Accordingly, on September 11, 2022, Plaintiff filed a "motion for federal civil procedure violation correction and request for final decision"—which this Court construes as an appeal of the May 27, 2022 order—asking the district court to "correct several procedural due process violations made by the magistrate court judge" and "vacate the unconstitutional deposition pursuit of non-party by the defendant." (ECF No. 122 at 1 (appealing ECF No. 103).) On September 14, 2022, third-party defendant CFG Health Systems, LLC ("CFGHS") filed an opposition. (ECF No. 123.)

On September 20, 2022, Judge Almonte filed a text order scheduling a status conference to be held on November 14, 2022. (ECF No. 127.) In response, Plaintiff filed a motion to "permanently" bar Judge Almonte from acting beyond what Plaintiff argues is his authority. (ECF No. 128.) Specifically, Plaintiff contends Judge Almonte is not permitted to enter orders without Plaintiff's consent, and therefore objects to Judge Almonte's involvement in scheduling status conferences, entering scheduling and discovery orders, and managing the docket. (*See, e.g.*, ECF No. 128 at 1 ("The plaintiff has the constitutional right to agree to proceed with the Magistrate court judge text order or not and, the plaintiff have chosen to exercise his constitutional right not to appear or honor or consent to any invitation or text order for any status conference or amendment of schedule from the Magistrate judge because it is an unconstitutional recycle strategy to support the mission of the defendant to stop timely final judgement . . . .").) Accordingly, Plaintiff maintains he does not consent to, and will not attend, any future status conferences scheduled by Judge Almonte. (ECF No. 128 at 1.)

On October 25, 2022, Plaintiff filed a motion for summary judgment. (ECF No. 131.) The same day, counsel for CFGHS filed a letter objecting to Plaintiff's filing of the motion because it was impermissibly filed without leave and was not in compliance with L.Civ.R 56.1. (ECF No. 132.) On October 26, 2022, Judge Almonte administratively terminated Plaintiff's motion, reminded the parties that motions require leave, and converted the upcoming November 14, 2022 conference to an in-person one. (ECF No. 133.)

In response, on October 26, 2022, Plaintiff filed: (1) another motion objecting to Judge Almonte's jurisdiction (ECF No. 134 at 1 ("[T]he plaintiff is not available for any magistrate judge conference court order schedule on 14th of November 2022, and [] the magistrate judge should feel free to go ahead to have conference with the defendants because dishonesty and breach of contract was committed by the magistrate judge to help the defendant to argue the case and pursue delay'.")); and (2) a motion to reopen his motion for summary judgment (which this Court construes as an appeal), arguing Judge Almonte did not have authority to close it (ECF No. 135 ("The order to administratively closure of plaintiff motion for summary judgement by the magistrate judge is unconstitutional because the magistrate judge lack jurisdiction to administratively close a case that will only be determine by the judge of the case.").) On October 28, 2022, CFGHS filed an opposition to the second motion objecting to Judge Almonte's authority and to the appeal of Judge Almonte's order terminating the summary judgment motion. (ECF Nos. 136, 137.)

On November 1, 2022, the Court entered a text order expediting the briefing schedule for the motions filed on October 26, 2022 (ECF Nos. 134, 135), and set November 7, 2022, as Plaintiff's reply deadline. (ECF No. 138.) No additional filings were permitted beyond the scope of the text order. (*Id.*) On November 2, 2022, Plaintiff filed a response , arguing that Okweugo's deposition was improper because Defendants failed to demonstrate why it was necessary. (ECF

No. 139 ("The defendant is pursuing deposition without overcoming the constraint that is required because the defendant has not explained to the court about the reason or expected information for this nonparty deposition and how it will help exonerate the defendant which is unaccepted to federal civil procedure because the plaintiff opposed the concern of the defendant as a delay strategy.").)

## II. DECISION

### A. Magistrate Judge Authority and Jurisdiction

Plaintiff's motions and appeals center around misconceptions regarding a magistrate judge's authority over non-dispositive matters and case management. Plaintiff argues that Judge Almonte's enforcement of status conferences, scheduling orders, and depositions without his consent is a violation of his 14th Amendment due process rights. Plaintiff contends that 28 U.S.C. § 636(c) requires both parties to consent to a magistrate judge's jurisdiction before that judge can conduct any proceedings. Plaintiff's interpretation is unsupported and incorrect.

Section 636(c)(1) states, in pertinent part:

> Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves . . . .

28 U.S.C. § 636(c)(1). In other words, a magistrate judge is authorized to adjudicate dispositive motions and enter final judgments upon consent of the parties. *Taberer v. Armstrong World Industries, Inc.*, 954 F.2d 888, 902 (3d Cir. App. 1992); *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. App. 1998). Contrary to Plaintiff's argument, the statute does not speak to a magistrate judge's authority over non-dispositive motions and does not require the parties' consent for a magistrate judge to oversee non-dispositive portions of the case. Indeed, subsection (b) permits it:

> (1) Notwithstanding any provision of law to the contrary—
> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [listing exceptions not relevant here] . . . .
> . . . .
> (3) A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.
> (4) Each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties.

28 U.S.C. § 636(b)(1)(A), (b)(3)-(4). *See Mondelli v. Berkeley Heights Nursing & Rehab. Ctr.*, 2022 WL 494121 ("[A] district judge 'may designate a magistrate judge to hear and determine any pretrial matter pending before the court' except for certain dispositive motions."); *see also Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93 (3d Cir. 2017) ("A district court may refer a nondispositive motion to a magistrate judge 'to hear and determine,' under subparagraph (A) of § 636(b)(1).").

For further support, the Court looks to its local rules, as "each district court shall establish rules pursuant to which the magistrate judges shall discharge their duties." 28 U.S.C. § 636(b)(4). Pursuant to L.Civ.R. 72.1, "[e]ach Magistrate Judge is authorized to perform all judicial duties assigned by the Court," specifically:

> (a) Duties in Civil Matters
> (1) Non-Dispositive Motions
> Hearing and determining any pretrial motion or other pretrial matter, other than those specified in L.Civ.R. 72.1(a)(2), in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72[5]. . . .
> . . . .
> (3) Civil Case Management

---

[5] While the Federal Rules of Civil Procedure do not specifically address the scheduling of status conferences, the rules support magistrate judges presiding over certain proceedings without the consent of the parties. Fed. R. Civ. P. 72(a). Rule 72 states: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." *Id.*

> (A) Exercising general supervision of the civil calendars of the Court, conducting calendar and status calls, and determining motions to expedite or postpone the trial of cases.
> (B) Conducting pretrial conferences as set forth in Fed. R. Civ. P. 16 and 26(f), which include but are not limited to scheduling, settlement, discovery, preliminary and final pretrial conferences, and entry of appropriate orders, including scheduling orders in accordance with L.Civ.R. 16.1 and Fed. R. Civ. P. 16.
> (C) As part of the Magistrate Judge's general supervision of the civil calendar, the Magistrate Judge shall conduct scheduling conferences and enter scheduling orders in accordance with Fed. R. Civ. P. 16 in all civil cases except the following: [listing exceptions not applicable here] . . . .

L.Civ.R. 72.1(a)(1), (3)(A)-(C).

The plain language of the local rules permit magistrate judges in this district to generally supervise the civil calendar, hold conferences, and enter scheduling and discovery orders. "Magistrate Judges [are] an indispensable resource who are fundamentally important to the federal judicial system because they perform critical duties to ensure the timely adjudication of both civil and criminal cases filed in federal courts." *The Role of Magistrate Judges An Historic Overview*, Federal Magistrate Judges Association (https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/lammens-brochure-on-us-magistrate-judges-their-function-and-purpose-in-our-federal-courts.pdf). Adoption of Plaintiff's interpretation of the law would undermine the very purpose of magistrate judges, "[a]nd it is no exaggeration to say that without the distinguished service of [magistrate judges], the work of the federal court system would grind nearly to a halt." *Wellness Intern. Network, Ltd. v. Sharif*, 575 U.S. 665 (2015). Plaintiff's reliance on (and misinterpretation of) 28 U.S.C. § 636(c) is misplaced, and Judge Almonte was within his authority when he scheduled the November 14, 2022 conference to which Plaintiff objects. Accordingly, Plaintiff's motions challenging Judge Almonte's authority and jurisdiction (ECF Nos. 128, 134) are

**DENIED**, and Plaintiff is directed to comply with Judge Almonte's orders, including appearing in-person on November 14, 2022.

### B. Appeal of a Magistrate Judge's Decision of Non-dispositive Motions

Pursuant to L.Civ.R. 72.1(a)(1), "An appeal from a Magistrate Judge's determination of [] a non-dispositive motion shall be served and filed in accordance with L.Civ.R. 72.1(c)(1)," which states, in pertinent part:

> Any party may appeal from a Magistrate Judge's determination of a non-dispositive matter within 14 days after the party has been served with a copy of the Magistrate Judge's order . . . . Such party shall file with the Clerk and serve on all parties a written notice of appeal which shall specifically designate the order or part thereof appealed from and the basis for objection thereto. The notice of appeal shall be submitted for filing in the form of a notice of motion conforming with the requirements of L.Civ.R. 7.1. . . . Any party opposing the appeal shall file a responsive brief at least 14 days prior to the motion day. Should the party appealing wish to reply to any responsive brief filed by the opposition, that party must file a reply brief at least seven days prior to the motion day. . . . Each of the above periods may be altered by the Magistrate Judge or District Judge. A District Judge shall consider the appeal and/or cross-appeal and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

L.Civ.R. 72.1(c)(1)(A). This procedure is consistent with Federal Rule of Civil Procedure 72(a), which states, with respect to non-dispositive matters:

> A party may serve and file objections to the [magistrate judge's non-dispositive] order within 14 days after being served with a copy. . . . The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). *See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter [properly referred to the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

Upon the filing of an appeal from a magistrate judge's non-dispositive decision, a district judge may set aside any part a magistrate judge's order if the order is shown to be "clearly erroneous or contrary to law" on the record before the magistrate judge. 28 U.S.C. 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 93 (3d Cir. 1992) (describing the district court as having a "clearly erroneous review function," permitted only to review the record that was before the magistrate judge). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble*, 347 F. Supp. 2d 136, 149 (D.N.J. 2004). A district judge may find a magistrate judge's decision "clearly erroneous" when it is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *accord Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008). However, "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *United States v. Waterman*, 755 F.3d 171, 174 (3d Cir. 2014) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985)). The magistrate judge's ruling is "contrary to law" if it misinterpreted or misapplied applicable law. *Kounelis*, 529 F. Supp. 2d at 518; *Gunter*, 32 F. Supp. 2d at 164. "Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Miller v. P.G. Lewis & Assocs., Inc.*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1 (D.N.J. Sept. 22, 2006); *Callas v. Callas*, Civ. A. No. 147486, 2019 WL 449196, at *3 (D.N.J. Feb. 4, 2019) (reviewing and affirming magistrate judge's order on discovery dispute under the abuse of discretion standard); *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, Civ. A. No. 15-3271, 2018 WL 3993449, at *4 (D.N.J. Aug. 21, 2018) (same). "An

abuse of discretion occurs 'when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court.'" *Ebert v. Twp. of Hamilton*, Civ. A. No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (quoting *Lindy Bros. Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 115 (3d Cir. 1976)).

Plaintiff filed two motions, which the Court construes as appeals: (1) an appeal of Judge Almonte's discovery order denying Okweugo's motion to quash (ECF No. 103 (denying ECF No. 96)), arguing that the order "violates procedural due process of federal civil procedure because the magistrate judge overreach beyond his jurisdictional power" (ECF No. 122); and (2) an appeal of Judge Almonte's scheduling order administratively terminating Plaintiff's motion for summary judgment (ECF No. 133 (terminating ECF No. 131)), arguing that "[t]he order to administratively closure of plaintiff motion for summary judgement by the magistrate judge is unconstitutional because the magistrate judge lack jurisdiction to administratively close a case that will only be determine by the judge of the case" (ECF No. 135).

Assuming Plaintiff's appeals are timely and properly filed,[6] Plaintiff has not reached his burden of showing that Judge Almonte's rulings were clearly erroneous, contrary to law, or demonstrated an abuse of discretion. As explained above, magistrate judges are authorized to "[e]xercis[e] general supervision of the civil calendars . . . , conduct[] calendar and status calls," "[c]onduct[] pretrial conferences as set forth in Fed. R. Civ. P. 16 and 26(f), which include but are

---

[6] Due to Plaintiff's *pro se* status, the Court affords him leniency in filing these appeals. *See Capograsso v. State Farm Ins. Co.*, 2009 WL 2580432 (D.N.J Aug. 18, 2009) (holding that the 14-day time limit for appeal of a magistrate judge's decision had lapsed when a *pro se* plaintiff erroneously filed an appeal with the Third Circuit, but deciding to afford the Plaintiff leniency and deciding the appeal on the merits).

not limited to scheduling, settlement, discovery, preliminary and final pretrial conferences, and entry of appropriate orders, including scheduling orders in accordance with L.Civ.R. 16.1 and Fed. R. Civ. P. 16," and "conduct scheduling conferences and enter scheduling orders in accordance with Fed. R. Civ. P. 16." L.Civ.R. 72.1(a)(3)(A)-(C). Plaintiff's mere disagreement with Judge Almonte's orders are not grounds for setting them aside. *Simmons v. Gilmore,* 2019 WL 2743954 at *2. Judge Almonte has the express authority to set scheduling and discovery orders, L.Civ.R. 72.1(a)(3)(A)-(C), and Plaintiff fails to the show the Judge's orders were clearly erroneous, contrary to law, or demonstrated an abuse of discretion. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L.Civ.R. 72.1(c)(1)(A); *Miller*, Civ. A. No. 05-5641, 2006 WL 2770980, at *1. Accordingly, Plaintiff's appeals are **DENIED**, and Judge Almonte's May 27, 2022 discovery order (ECF No. 103) and October 26, 2022 scheduling order (ECF No. 133) are **AFFIRMED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's motions regarding Judge Almonte's authority and jurisdiction (ECF Nos. 128, 134) are **DENIED**. Plaintiff's appeals (ECF Nos. 122, 135) are **DENIED**, and Judge Almonte's orders dated May 27, 2022 (ECF No. 103) and October 26, 2022 (ECF No. 133) are **AFFIRMED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: November 4, 2022