<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY I. EZEANI, <br><br>      Plaintiff, <br><br>v. <br><br>WILLIAM ANDERSON, <br><br>      Defendant/Third-Party Plaintiff, <br><br>v. <br><br>CFG HEALTH SYSTEMS, LLC, <br><br>      Third-Party Defendants. | Case No. 2:21-cv-06759 (BRM) (JRA) <br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is: (1) the Report and Recommendation ("R&R") of the Honorable Jose Almonte, U.S.M.J. ("Judge Almonte"), dated December 8, 2022 (ECF No. 153), recommending Plaintiff Gregory I. Ezeani's ("Ezeani") Complaint (ECF No. 1) be dismissed with prejudice; (2) Ezeani's "Express Motion for Final Judgement" (ECF No. 156); and (3) Ezeani's request to respond to Defendant CFG Health Systems, LLC's ("CFG") submission of a deposition transcript. (ECF No. 158.) Having reviewed the submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the R&R is **ADOPTED** in its entirety, the matter is **DISMISSED WITH PREJUDICE**, Ezeani's "Express Motion for Final Judgement" is **DENIED** as moot, and Ezeani's request to respond to CFG's submission of a deposition transcript is **DENIED** as moot.

I.  **BACKGROUND**

As the parties are familiar with the procedural history in this matter, the Court will only summarize the facts relevant to the R&R and pending motions.[1]

On March 9, 2021, Ezeani filed this action alleging that his contraction of diabetes while incarcerated at the Essex County Correctional Facility ("ECCF") was the result of medical malpractice. (ECF No. 1 ¶ 3.) Ezeani alleged that Defendant William Anderson ("Anderson"), the warden of ECCF, is responsible for the malpractice.[2] (*Id.*) On July 21, 2021, Anderson filed an answer to Ezeani's Complaint and a Third-Party Complaint against CFG. (ECF No. 6.) The Court ordered that all fact discovery was to be completed by January 23, 2022. (ECF No. 23 ¶ 1.) On three separate occasions, the Court extended the fact discovery deadline due to Ezeani's refusal to adequately participate in depositions.[3] The Court issued the most recent fact discovery deadline extension with a warning that "this is [Ezeani's] last opportunity to comply with his discovery obligations." (ECF No. 146.) Three days after this extension, Ezeani filed a "[m]otion to [n]otify the court that [he] will not attend any third deposition[.]" (ECF No. 149.) Throughout the course of litigation, Ezeani has disobeyed numerous court orders and stated that he will continue to disobey future orders. (*See generally* ECF No. 128, 134, 139, 142, 149.) On December 8, 2022, Judge Almonte submitted this R&R recommending dismissal of Ezeani's complaint with

---

[1] Ezeani has filed three other cases with the Court, all of which have been dismissed. *See Ezeani v. Kelly*, Civ A. No. 22-6164; *Ezeani v. McClain*, Civ. A. No. 22-6163; *Ezeani v. Jimenez*, Civ A. No. 22-5165. Ezeani has appealed each dismissal.

[2] Due to Ezeani's *pro se* status, the Court construes his complaint liberally to allege that he received inadequate medical care while confined at ECCF, and that William Anderson, as warden of ECCF, was responsible for the medical malpractice. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers").

[3] While Ezeani has appeared for two depositions, he refused to answer numerous questions regarding his claim. (*See generally* ECF No. 49, 50.)

prejudice. (ECF No. 153.) On December 12, 2022, Ezeani filed a response, which the Court construes as an objection. (ECF No. 154.)

## II. STANDARD OF REVIEW

Pursuant to Rule 72, Local Civil Rule 72.1, and 28 U.S.C. § 636(b)(1), a magistrate judge may issue reports and recommendations on dispositive matters for review and disposition by the district judge. Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2); 28 U.S.C. § 636(b)(1). Where a party objects to the magistrate judge's recommendation, Local Civil Rule 72.1(c)(2) requires the objecting party to "serve on all parties written objections which shall *specifically identify* the portions of the proposed . . . recommendations or report to which objection is made and the basis of such objection." L.Civ.R. 72.1(c)(2) (emphasis added). The same rule requires the Court to "make a de novo determination of those portions to which objection is made," and the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*; *accord* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Advisory Committee Notes to Federal Rule of Civil Procedure 72 states, "[w]hen no timely objection is filed, the court need only satisfy itself that there is *no clear error* on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 (emphasis added).

## III. DECISION

Judge Almonte submitted the R&R recommending Ezeani's case be dismissed with prejudice pursuant to Rule 37(b) and Rule 41(b) (ECF No. 153.) Judge Almonte found dismissal is appropriate due to Ezeani's failure to prosecute his case, Ezeani's failure to obey court orders, and Ezeani's statements that he will disobey future court orders. (*Id.* at 12-13.) Judge Almonte

weighed the six factors set out in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) and determined that they weigh in favor of dismissal.[4] (ECF No. 153 at 17.)

Ezeani filed a response to the R&R which the Court construes as an objection. (ECF No. 154.) Ezeani contends that Judge Almonte erred in failing to review questions he refused to answer during attempted depositions, arguing, "The magistrate judge never made decision of right or wrong if the plaintiff was wrong in his answers after reviewing the plaintiff answers . . . ." (*Id.*) Further, Ezeani objects to Judge Almonte's assessment of the *Poulis* factors arguing, "Judge [Almonte] did not conform to any of the six factors of the dismissal . . . ." (*Id.* at 5.) The Court reviews the portions of the R&R objected to *de novo*.

Rule 37(b) permits a court to "dismiss[] the action or proceeding in whole or in part" when "a party . . . fails to obey an order to provide or permit discovery[.]" Fed. R. Civ. P. 37(b). Further, Rule 41(b) states, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

While "dismissal with prejudice is the ultimate sanction," it is appropriate "if a plaintiff fails to prosecute his case or comply with a court order." *Hennessey v. Atl. Cnty. Dep't of Pub. Safety*, Civ. A. No. 06-cv-143, 2009 WL 1874097 (D.N.J. June 30, 2009) (citing *Quality Prefabrication, Inc. v. Daniel J. Keating Co.*, 675 F.2d 77, 81 (3d Cir. 1982); *Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x 151, 153 (3d Cir. 2012). Prior to such dismissal, a district court ordinarily must balance six factors:

> (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the

---

[4] Judge Almonte declined to assess the sixth *Poulis* factor which calls for an analysis of the meritoriousness of the claim. Judge Almonte found that "the Court lacks sufficient information to evaluate the evidence in this case and, therefore, cannot adequately assess the sixth *Poulis* factor." (ECF No. at 17.)

> conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted); *Abulkhair*, 467 F. App'x at 153. "None of the *Poulis* factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131-32 (3d. Cir. 2019). "Where, however, a plaintiff refuses to proceed with his case or otherwise makes adjudication of his case impossible, a balancing of the *Poulis* factors is not necessary." *Abulkhair*, 467 F. App'x at 153

Here, dismissal is warranted based on Ezeani's failure to prosecute his case, his failure to obey court orders, and his statements that he will disobey future court orders. Ezeani has been given multiple opportunities to comply with his discovery obligations and yet has failed to do so. (*See* ECF No. 42, 51, 146.) Further, he has failed to obey numerous court orders and stated that he will continue to disobey future orders. (*See generally* ECF No. 128, 134, 139, 142, 149.) Failing to abide by future court orders effectively makes Ezeani's case impossible to adjudicate. Accordingly, dismissal is appropriate on that basis alone and a balancing of the *Poulis* factors is not necessary. *Abulkhair*, 467 F. App'x at 153.

Regardless, an analysis of the *Poulis* factors supports dismissal. The first five factors all weigh in favor of dismissal for the following reasons: (1) Due to his *pro se* status, Ezeani is solely responsible for his refusal to abide by court orders; (2) His failure to adequately participate in depositions has led to prejudice to his adversaries due to incursion of additional costs, and the inability to effectively defend themselves from suit due to lack of information; (3) Ezeani has a history of failing to comply with his discovery obligations and court orders (*see generally* ECF No. 128, 134, 139, 142, 149); (4) Ezeani is aware of the court orders and willfully refuses to obey

(*see e.g.* ECF No. 149); and (5) previous warnings and orders have not altered Ezeani's behavior and no other form of sanction is likely to do so (*see e.g.* ECF No. 146). The sixth *Poulis* factor requires the court to weigh the meritoriousness of the claim. The Court cannot weigh this factor as there is insufficient information to evaluate the evidence regarding Ezeani's claim. Nevertheless, analysis of the *Poulis* factors as a whole justifies dismissal here. *See Hildebrand*, 923 F.3d 128 (3d Cir. 2019).

Ezeani argues Judge Almonte failed to determine whether Ezeani "was wrong in his answers after reviewing the plaintiff [sic] answers" from earlier depositions. (ECF No. 154 at 2-3.) Additionally, Ezeani objects to Judge Almonte's assessment of the *Poulis* factors. (*Id.* at 5.) The Court finds neither of these objections persuasive. In the most recent order to appear for a deposition, Judge Almonte addressed Ezeani's failure to answer questions during depositions by ordering Ezeani to "appear for a third deposition via Zoom . . . and [to] completely and adequately respond to the questions propounded[.]" (ECF No. 146 ¶ 8.) In the same order, Judge Almonte warned, "this is [Ezeani's] last opportunity to comply with his discovery obligations." (*Id.*) In response, Ezeani established that he will not comply with Judge Almonte's order by filing a "Motion to Notify the Court that Plaintiff will not attend any third deposition . . . ." (ECF No. 149.) As for Ezeani's objection to Judge Almonte's assessment of the *Poulis* factors, this Court's *de novo* analysis of those factors leads the Court to the same conclusion as Judge Almonte. Accordingly, the Court adopts the R&R, and dismisses the matter with prejudice.

In light of this decision, Ezeani's "Express Motion for Final Judgement [sic]" (ECF No. 156) and request to respond (ECF No. 159) to CFG's submission of a deposition transcript (ECF No. 158) are denied as moot.

## IV. CONCLUSION

For the reasons set forth above, the December 8, 2022 R&R (ECF No. 153) is **ADOPTED** in its entirety, the matter is **DISMISSED WITH PREJUDICE**, Ezeani's motion for final judgment (ECF No. 156) is **DENIED** as moot, and Ezeani's request to respond (ECF No. 159) is **DENIED** as moot. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated: January 9, 2023